IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RAYMOND TAYLOR, *et al.*,

    Plaintiffs,

v.                                              Case No. 2: 23-cv-02687-MSN-cgc
                                              JURY DEMAND

JENNIFER NICHOLS, *et al.*,

    Defendants.

---

### ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

---

Defendants in this matter—the Tennessee Department of Children's Services (DCS); Jennifer Nichols in her official and individual capacities; Margie Quin in her official and individual capacities; and Mark LeSure in his official capacity—have filed a Motion to Stay Discovery (ECF No. 56, "Motion"), filed September 22, 2025, arguing that the sovereign immunity defenses raised in their Motions to Dismiss (ECF Nos. 42 & 51) must first be resolved by this Court before discovery can proceed. Plaintiffs responded in opposition on October 6, 2025 (ECF No. 70), and, with leave of the Court, Defendants filed their reply (ECF No. 74) on October 21, 2025. For the reasons given below, Defendants' Motion is hereby **GRANTED**.

### BACKGROUND

In Plaintiffs' Amended Complaint (ECF No. 40), they bring a claim under 42 U.S.C. § 1983, a claim asserting *Monell* liability, a claim asserting violations of the Americans with Disabilities Act, and a claim asserting violations of the Individuals with Disabilities Education Act. (*Id.*) Because Plaintiffs have sued DCS directly and the named individuals in their official

capacities, Plaintiffs' suit is, at least as to the official capacity claims, "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Defendants have asserted that this Court lacks subject-matter jurisdiction over at least some of the claims Plaintiffs bring because of Eleventh Amendment immunity. (*See generally* ECF Nos. 43 & 52.) Subsequently Defendants filed the present Motion to Stay Discovery (ECF No. 56), to which the Court now turns.

## **LEGAL STANDARD**[1]

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). Sometimes that inherent power *must* be used to stay discovery, as when a State raises sovereign immunity defenses. This makes sense because "sovereign immunity [is] a jurisdictional issue." *Kerchen v. Univ. of Michigan*, 100 F.4th 751, 760 (6th Cir. 2024) (citing *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016)). The sovereign immunity protections detailed in the Eleventh Amendment "protect a state's dignity interest in avoiding not just ultimate liability, but [in] litigating a suit itself." *Id.* (citing *P.R. Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993)). Because "a state loses th[is] 'fundamental' protection . . . at each step that litigation proceeds without deciding whether a state is entitled to sovereign immunity," *id.* at 760–

---

[1] The Court notes that Plaintiffs assert a different standard for a motion to stay discovery, one which the Court declines to credit. In their Response in Opposition, Plaintiffs argue that a stay of discovery may only be granted during the pendency of a motion to dismiss when a court determines that the claims in the complaint are "largely groundless." ECF No. 70 at PageID 632–33 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)). The argument is not well-taken. *Blue Chip Stamps* discusses neither stays of discovery nor sovereign immunity. In fact, there is nothing in *Blue Chip Stamps* even hinting at a rule for motions to stay, particularly in the present context; Plaintiffs' suggestion to the contrary is bewildering.

61 (citing *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 145), "district courts *must* issue a ruling on properly raised sovereign immunity defenses . . . before permitting litigation to proceed." *Id.* at 761 (emphasis added).

## ANALYSIS

Here, there is no dispute that Defendants have properly raised sovereign immunity defenses. Instead, the Response in Opposition merely reasserts the allegations in the Amended Complaint and attempts to articulate policy reasons for allowing discovery to proceed. (ECF No. 70 at PageID 633–34.) Other arguments advanced involve Defendants' right to appeal, *see id.* at PageID 635, and the need to adhere to the Scheduling Order in this case. (*Id.* at PageID 635–36.) None of this is responsive to Defendants' Motion or the applicable standard set out above. Accordingly, the question is not so much whether Defendants are entitled to a stay of discovery, but rather how far-reaching that stay ought to be. And because the Court finds that the factual allegations as to each claim in the Amended Complaint are inextricably intertwined, it would be inefficient and unwise for the Court to grant only a partial stay. Therefore, Defendants' Motion is hereby **GRANTED**.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery (ECF No. 56) is **GRANTED**. Discovery is **STAYED** in this case until the Court rules on Defendants' Motions to Dismiss (ECF Nos. 42 & 51).

**IT IS SO ORDERED**, this 24th day of November, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE